# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE CHAKER,<br><br>                              Plaintiff,<br>   vs.<br><br>BARBARA BOLLA, ANTHONY TROXEL, and DOES 1-50,<br><br>                            Defendants. | CASE NO. 12-CV-617 LAB<br><br>**ORDER DISMISSING CASE** |

This case involves, at root, a property dispute between two neighbors. Now pending is Ms. Chaker's Motion to Proceed *In Forma Pauperis*.

**I.     IFP Motion**

All parties instituting a civil action in a district court of the United States, except for habeas petitioners, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). A party is excused from paying the fee, however, if the Court grants leave to proceed IFP pursuant to 28 U.S.C. 1915(a). Unfortunately, Ms. Chaker's IFP Application is incomplete. Of the eleven questions on the Application, Ms. Chaker has only answered three. All the Court knows is that she is not incarcerated, not employed, and receives some form of public assistance. Among other things, Ms. Chaker does not provide any information about when she was last employed, whether she has a savings or investment account, whether she has

//

1 | any debts, and what her assets of value are. That is insufficient information. Her Motion to
2 | Proceed *In Forma Pauperis* is therefore **DENIED WITHOUT PREJUDICE**.

## II. Initial Screening

Pursuant to 28 U.S.C. § 1915(e), the Court must screen each civil action commenced pursuant to 28 U.S.C. § 1915(a) and dismiss the action if the Court finds it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 45 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim).

Even if Ms. Chaker could submit a complete IFP Application, the Court would find that her complaint fails to state a claim upon which relief can be granted. Ms. Chaker filed this action in federal court because her claims arise under federal law. Specifically, she alleges violations of 42 U.S.C. §§ 1983, 1985, and 1988.

To state a claim for relief under § 1983, Ms. Chaker must plead two essential elements: (1) that the individual defendants acted under color of state law; and (2) that they caused [her] to be deprived of a right secured by the Constitution and laws of the United States." *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir. 1997). Ms. Chaker alleges that Defendants satisfied the first prong by placing her under citizen's arrest. That reflects a misunderstanding of what qualifies as state action. "Private conduct, including a citizen's arrest, without more does not qualify as state action for purposes of § 1983." *Kness v. Phillips*, 182 F.3d 926 at *1 (9th Cir. 1999) (citing *Collins v. WomanCare*, 878 F.2d 1145, 1154–55 (9th Cir. 1989)). *See also Jones v. Wal-Mart Stores, Inc.*, 33 F.3d 62 at *3 (10th Cir. 1994); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 243 (5th Cir. 1999) ("As in the case of a citizen's arrest . . . the statutory authorization of private acts does not transform such conduct into state action."); *Jones v. Wet Seal Retail, Inc.*, 519 F.Supp.2d 1164, 1169 (D. Kan. 2007) (recognizing that "an individual does not act under color of law merely by

reporting an alleged crime to police officers; nor does the making of a citizen's arrest constitute acting under color of state law").

Ms. Chaker's other civil rights claim arises under 42 U.S.C. § 1985.[1] But that statute is a complete misfit on the facts alleged. Section 1985 ostensibly concerns conspiracies to interfere with civil rights, but its three subsections substantially narrow the claims that can arise under it. Subsection (1) prohibits two or more persons from conspiring to prevent state officials from performing their duties. Subsection (2) prohibits two or more persons from obstructing justice by intimidating or threatening witnesses or jurors. Subsection (3) prohibits two or more persons from going in disguise on the highway or on the property of another to deprive that person of equal protection of the laws. It also prohibits two or more persons from conspiring to prevent someone who is lawfully entitled to vote "from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President . . . ." Ms. Chaker's allegation that Defendants essentially framed her for damaging their property, and falsely accused her of being a felon and possessing guns, does not state a claim under any of these subsections.

In light of the above, the Court would **DISMISS** Ms. Chaker's federal civil rights claims, and it would decline to exercise supplemental jurisdiction over her remaining state law claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Noyes v. Kelly Svcs.*, 488 F.3d 1163, 1173 (9th Cir. 2007); *Acri v. Varian*, 114 F.3d 999, 1000 (9th Cir. 1997); 28 U.S.C. § 1367(c). For the above reasons, this action is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

DATED: March 23, 2012

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] In that part of her complaint where she states the claim, Ms. Chaker alleges that it arises under § 1988. It is § 1985, however, that concerns conspiracies to interfere with civil rights. Section 1988 simply authorizes district courts to award attorney's fees in actions involving claims that arise under §§ 1983 and 1985. It does not give rise to any claims itself.